## Ferry's Case.

*Franklin E. Barr* and *William Clark Mason*, for petitioner.

STERN, P. J., Nov. 18, 1929.—This proceeding is based upon a petition of the Committee of Censors of the Law Association of Philadelphia, upon which a rule was granted on the respondent, Herman S. Ferry, a member of the bar of this court, to show cause why he should not be disciplined under Rule 215 of the Courts of Common Pleas of Philadelphia County.

The court finds as facts that on July 11, 1924, one Jane M. Mehlan turned over to the respondent the sum of $5900 in cash, which he was to invest for her in a first mortgage. The respondent, instead of using the money for the purpose for which it had been entrusted to him, deposited it the following day in his personal bank account, and checked it out, for purposes of his own, in small amounts over a period of the following three months. He never procured any mortgage for Miss Mehlan nor accounted to her in any way for the money.

The respondent contends that within a day or two after he received the money from his client he turned it over to some associates, who borrowed it for the purpose of using it as part payment for some properties which they were then purchasing, and that he took from them a judgment note which he sent to Miss Mehlan as her security for the loan. The respondent produced before the Committee of Censors what purports to be a copy of such note. Miss Mehlan denies ever having received the note. The respondent admits that he never recorded it. The respondent alleges that the note was signed by six persons, whose names he produces, but none of these persons was an owner of the properties which the respondent contends that they purchased. The court finds as a fact that there never was any such note and that the respondent did not turn over his client's money to the persons claimed by him. There was put in evidence by the Censors a photostatic copy of the respondent's account at

his bank, showing clearly that, as already stated, he deposited the money and then drew it out over a period of time in small amounts. This was nothing more nor less than an embezzlement, and he has never made any restitution, although for several years his client has urged him to account for her money.

Upon this state of facts the court owes it to the Bar of Philadelphia and to the community in general to make the following

### Order.

The rule of the Committee of Censors is made absolute, and the prothonotary is directed to strike from the roll of attorneys of the Courts of Common Pleas of Philadelphia County the name of Herman S. Ferry, the respondent, and to give notice of this action to the Orphans' Court of Philadelphia County and to the Supreme and Superior Courts of Pennsylvania.